ANDREW BRODD, Appellee, v. ADAM CRILE, Appellant.

TRIAL: Jury Question. A fair conflict of testimony on an issue presents a jury question.

*Appeal from Jefferson District Court.*—D. M. ANDERSON, Judge.

FEBRUARY 17, 1919.

ACTION for personal injuries to plaintiff, while in the employ of the defendant, in operating a stump puller. There was a trial to a jury, and a verdict for plaintiff. Defendant appeals.—*Affirmed.*

*Ralph H. Munro,* and *Leggett & McKemey,* for appellant.

*Thoma & Thoma,* for appellee.

PRESTON, J.—Prior to the time of the happening of

the matter in controversy, defendant had purchased from plaintiff a 20-acre tract of land, and, by the contract of purchase, defendant had the right to work on the land prior to the time the deed was to be made. During this time, plaintiff worked for defendant; he had worked for him off and on for a couple of years, doing various odd jobs. In December, 1916, plaintiff helped defendant pull trees, stumps, and brush on the land. Plaintiff had helped defendant at this work for about two days. Until the day of the accident, defendant had used but one horse on the power lever of the stump puller, and plaintiff would walk ahead and lead the horse. On the morning of the accident complained of, defendant directed that two horses, instead of one, be used on the power lever, and instructed plaintiff to walk behind them and drive. While doing this, the clevis on the doubletree gave way, the team came loose from the power lever, and the lever flew back and struck plaintiff, breaking his leg. After the accident, the clevis was found where it belonged, but the clevis pin was not found at that time. The claim is that the clevis was an ordinary one, with a screw pin, and that the cause of the accident was the failure to screw the clevis pin securely into the clevis, which failure resulted in the bending of the pin and clevis, sufficiently to permit the doubletree's pulling through the opening thus created.

This was the ground of negligence submitted to the jury, the court stating:

"The only ground of negligence submitted to you, and the only ground of negligence charged which the plaintiff's evidence tends to support, is that, in hitching the double-trees to the power lever stump puller of the defendant, the defendant failed to properly fasten the clevis pin into the clevis bar."

It seems not to be disputed that such failure would constitute negligence. The principal controversy is as to

whether the plaintiff or the defendant screwed the pin in the clevis. Plaintiff contends that this was done by the defendant, and the defendant contends that plaintiff did it. The defendant further contends that, because of some supposed contradictions in the testimony of plaintiff in regard to this, there was no substantial contradiction by plaintiff of defendant's testimony, and that, therefore, the evidence was not sufficient to take the case to the jury.

No complaint is made of the instructions. The only errors assigned are that the court erred in overruling the defendant's motion for a directed verdict, and in overruling the motion for a new trial. Appellant cites cases to the proposition that verdicts must have evidence to support them, and that a motion to direct a verdict should be sustained, when, considering all the evidence, it appears to the court that the verdict will not be permitted to stand; and that a mere scintilla of evidence does not require the submission of a case to the jury. On the other hand, appellee cites authorities that, where there is a fair conflict of evidence, there is a jury question, and it is conclusive on appeal. These propositions are so well. understood that we shall not cite the cases.

In the opinion of the trial court, he stated:

"In his testimony, plaintiff, after being on the stand for some time, made some statements contradicting his testimony that defendant had fastened the doubletrees to the clevis; but at no time did he say that he did so himself. The plaintiff is a Swede, of little education, and had considerable difficulty in understanding questions propounded to him and in making intelligent answers thereto. The clevis produced upon the trial, it is claimed by defendant, was the same clevis that was on the doubletrees, and the same that was shown at the bank when plaintiff and defendant were settling in the farm sale. The plaintiff thought it was not the same clevis, or the one shown at the

bank, and a number of his admissions against his claim that defendant fastened the clevis are easily explained upon the theory that defendant's counsel was trying to get him to admit that was the clevis which was used on the doubletree. From his testimony, his manner of testifying, his apparent candor and truthfulness, the jury may well have found, as they did, that the defendant fastened the doubletrees to the power, as claimed by plaintiff, and that plaintiff did nothing, when hitching the team on, except to hitch the tugs to the singletrees."

The trial court and the jury saw and heard this witness, and all of them, and were in a better position than we can be. We shall set out enough of the examination of plaintiff to show that the observations of the trial court, above set out, were based upon and sustained by the record. The plaintiff testified in chief:

"Q. Did you hitch up the team that morning as he directed you to? A. I put the tugs on. He had fixed the rest of it. Q. Just explain to the jury what you mean. A. Put the tugs on, and he fixed the rest of it. Q. Just give the jury the acts you did, in fastening that team to the power lever of the stump puller. A. Well, we just hitched them up,—that is all I know,. Q. What do you mean by 'just hitched them up?' A. Put the tugs on. Q. Put the tugs on what? A. On the doubletree."

On cross-examination, he was asked if defendant did not drive the team to drag away the trees on the morning in question, and brought the team back with the doubletrees hitched to the team; and plaintiff said that it was not done that way, that he knew of; and he was then asked if he would say that he didn't; and the answer was: "I can't say it; I don't recollect it." But from the entire examination, we are satisfied that the jury were justified in finding that he meant that he couldn't say it that way: that is, as indicated in the questions. He also testified:

"Q. You would not say that is not the clevis that you fastened to the doubletree? A. It don't look like the same clevis. Q. You would not say that, when you put the pin in that clevis, that you got the threads fastened? A. If I had put the clevis pin in. Q. If you had put the pin in the clevis, and screwed it in, it would not have fallen out, would it? A. How do I know that is the clevis? Maybe it is not the clevis. Q. You would not swear that you put the threads—put the pin in the clevis? A. It does not look like the same clevis that we had down at the bank, anyway. Q. You hitched up the team to the stump puller, didn't you, that morning? A. I put the tugs on. Q. Didn't you put the clevis on,—put the doubletrees on that morning? A. I don't think I did. Q. You don't remember, do you, about that, very distinctly? A. I did not put it on."

There is much more of this testimony, as the examination in chief and on cross-examination and re-direct was quite extended. That which has been set out indicates the thought of the court, as we have before stated. Though it may be conceded that plaintiff's testimony was somewhat weakened on cross-examination, he did say, during the examination, that he did not put the clevis on, and that the defendant did. It seems quite clear to us that it was a question for the jury. It follows that the judgment of the district court must be, and it is,—*Affirmed.*

LADD, C. J., EVANS and SALINGER, JJ., concur.